IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAI VAN NGUYEN | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | Pursuant to Rule 9(h) of |
| HAI VAN PHAM | § | the Federal Rules of Civil |
| AND CAPTAIN HUYNH NAM HUNG | § | Procedure - ADMIRALTY |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TAI VAN NGUYEN, Plaintiff, complaining of HAI VAN PHAM and CAPTAIN HUYNH NAM HUNG, Defendants, and for cause of action, would show this Honorable Court the following:

I.

This Court has jurisdiction pursuant to 28 U.S.C. §1333 (1), as this matter involves claims for personal injuries to a seaman aboard a vessel in navigation. This is an admiralty or maritime claim within the meaning of Rule 9(h).

Upon information and belief, venue is proper in the Galveston Division because Defendants maintain sufficient minimum contacts through its conducting of regular operations in and out of Galveston County such that it is reasonably foreseeable that the Defendants would be hailed into Court in Galveston County, Texas.

II.

This claim is maintained under General Maritime Law of unseaworthiness and negligence, the Jones Act and common law negligence.

III.

Plaintiff is a resident of Houston, Harris County, Texas.

Defendant CAPTAIN HUYNH NAM HUNG is an individual residing in the State of Texas whose residence at the time of the filing of this Original Complaint is unknown to Plaintiff. Once discovery has been undertaken, Plaintiff will amend this complaint and substitute the correct residence address and seek appropriate service of process thereafter.

Defendant, HAI VAN PHAM is an individual in the State of Texas and may be served with service of process by serving at his last known address, 602 Royal Oaks Dr., Friendswood, Texas 77546, or wherever he may be found.

IV.

Plaintiff would show that this lawsuit has become necessary as a result of personal injuries received on or about April 13, 2022. On said date, Plaintiff was employed by CAPTAIN HUYNH NAM HUNG and/or HAI VAN PHAM and was aboard as a seaman on the foreign vessel "MORNING LORD II," under the flag of United States of America, which was owned and/or operated by Defendants CAPTAIN HUYNH NAM HUNG and/or HAI VAN PHAM. Specifically, Defednant, CAPTAIN HUYNH NAM HUNG, during bad weather, had me navigate the boat, knowing that I had no experience, and that I was a deckhand, and I should not have been allowed to do that. Plaintiff was injured while in the course of his employment and while working under the control and supervision of CAPTAIN HUYNH NAM HUNG and/or HAI VAN PHAM. Said injuries were as a result of CAPTAIN HUYNH NAM HUNG and/or HAI VAN PHAM's negligence and such negligence was a proximate cause of said injuries.

V.

On April 13, 2022, Plaintiff injured his head, chest, back and body. All of the aforesaid

injuries occurred as a proximate result of the negligence of Defendants, either collectively and/or singularly and/or were the producing cause of the unsafe and/or unseaworthy condition of the vessel "MORNING LORD II".

VI.

Plaintiff further states that Defendants have unreasonably, arbitrarily, capriciously and willfully refused to pay maintenance and cure to Plaintiff in such sums as were due and owing. As a result of Defendants' arbitrary and capricious denial to pay proper maintenance and cure, Plaintiff is entitled to recovery of damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of his injuries, pain and suffering, and additional medical expenses. Plaintiff states that, in addition to such maintenance and cure benefits as he is entitled, it is necessary to engage attorneys to represent him in the maintenance and cure action, and that he is entitled to and brings this suit for reasonable attorneys' fees for the collection of the maintenance and cure benefits due him. Therefore, Plaintiff seeks these damages.

VII.

At all times material hereto, Defendants HAI VAN PHAM and CAPTAIN HUYNH NAM HUNG owned, operated and/or controlled the vessel "MORNING LORD II" or, in the alternative, on information and belief, Defendants HAI VAN PHAM and CAPTAIN HUYNH NAM HUNG were the owners *pro hac vice* and/or were in control of the "MORNING LORD II".

VIII.

Plaintiff's injuries occurred as a proximate result of the unsafe and unseaworthy condition of the vessel "MORNING LORD II" and its appurtenances and/or equipment, either in whole or in part, as a proximate result of negligence and lack of attention on the part of Defendants, their agents, servants and/or employees, acting in the course and scope of their employment and agency.

IX.

Plaintiff TAI VAN NGUYEN has sustained a loss of earning capacity in the past and, in all reasonable probability, will continue to sustain a loss of earning capacity in the future.

Plaintiff TAI VAN NGUYEN has incurred reasonable and necessary medical expenses in the past and, in all reasonable medical probability, will incur reasonable and necessary medical expenses in the future.

Plaintiff TAI VAN NGUYEN has suffered physical pain and suffering in the past and, in all reasonable probability, will continue to suffer physical pain in the future.

Plaintiff TAI VAN NGUYEN has suffered mental anguish in the past and, in all reasonable probability, will continue to suffer mental anguish in the future.

Plaintiff TAI VAN NGUYEN has suffered physical disfigurement in the past and, in all reasonable probability, will continue to suffer physical disfigurement in the future.

Plaintiff TAI VAN NGUYEN has suffered physical impairment in the past and, in all reasonable probability, will continue to suffer physical impairment in the future.

Plaintiff TAI VAN NGUYEN, due to his injuries, may incur charges of rehabilitation services both in the past and into the future.

All of the aforesaid damages were proximately caused by the negligence of Defendants herein and/or the unseaworthiness of the vessel for which Plaintiff now herein sues.

X.

Plaintiff TAI VAN NGUYEN requests a jury trial.

XI.

Pleading further, and in the alternative, if it be shown that Plaintiff, TAI VAN NGUYEN, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated

and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

WHEREFORE PREMISES CONSIDERED, Plaintiff, TAI VAN NGUYEN, respectfully request that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff has judgment against Defendants, jointly and severally, for all actual damages sustained as requested herein in the sum of at least THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($350,000.00), together with cost of suit, pre- and post-judgment interest, and for such other and further relief, both general and special, at law and/or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

By: */s/ Richard J. Nava*
**RICHARD J. NAVA**
State Bar No. 24083552
Federal Bar No. 3124096
**ADAM FLOOD**
State Bar No. 24081618
Federal ID No. 2070300
4909 Bissonnet Street, Suite 100
Bellaire, Texas 77401
Telephone No. 713/661-9900
Telecopier No. 713/666-5922
E-mail: eservicerjn@navalawgroup.com
**ATTORNEY FOR PLAINTIFFS**